UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

LEONARD LOWNEY
219 Progress Road #8
Manawa, Wisconsin 54949

       Plaintiff,

       v.

KRAZE TRUCKING LLC
9576 County Road KK
Amherst, Wisconsin 54406

       and

ROBERT HELBACH
9576 County Road KK
Amherst, Wisconsin 54406

       Defendants

Case No.: 26-cv-370

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

COMES NOW Plaintiff, Leonard Lowney, by his counsel, WALCHESKE & LUZI, LLC, as

and for a claim against Defendants, alleges and shows to the Court as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this

case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.

§ 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C.

§ 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because the unlawful employment practices of which Plaintiff complains occurred within the Western District of Wisconsin.

## PARTIES AND COVERAGE

4.    Plaintiff, Leonard Lowney, is an adult male resident of the State of Wisconsin with a post office address of 219 Progress Road #8, Manawa, Wisconsin 54949.

5.    Defendant, Kraze Trucking LLC, was, at all material times herein, an entity doing business in the State of Wisconsin with a principal office address of 9576 County Road KK, Amherst, Wisconsin 54406.

6.    During the relevant time periods as stated herein, Defendant Kraze Trucking was a trucking company.

7.    During the relevant time periods as stated herein, Defendant Kraze Trucking was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8.    During the relevant time periods as stated herein, Defendant Kraze Trucking employed more than two (2) employees.

9.    During the relevant time periods as stated herein, Defendant Kraze Trucking's annual dollar volume of sales or business exceeded $500,000.

10.    During the relevant time periods as stated herein, Defendant Kraze Trucking was an "employer" of an "employee," Plaintiff, as these terms are defined under the FLSA and the WWPCL.

11.     During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant Kraze Trucking as these terms are defined under the FLSA and the WWPCL.

12.     Defendant, Robert Helbach, was, at all material times herein, an adult male resident of the State of Oklahoma with a business office address of 9576 County Road KK, Amherst, Wisconsin 54406.

13.     During the relevant time periods as stated herein, Defendant Helbach owned, operated, and managed Defendant Kraze Trucking.

14.     During the relevant time periods as stated herein, Defendant Helbach was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15.     During the relevant time periods as stated herein, Plaintiff performed compensable work in the position of Driver on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit in the State of Wisconsin.

16.     During Plaintiff's employment with Defendants, Defendants supervised Plaintiff's day-to-day activities.

17.     During Plaintiff's employment with Defendants, Defendants managed and directed Plaintiff's job duties and responsibilities.

18.     During Plaintiff's employment with Defendants, Defendants established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

19.     During Plaintiff's employment with Defendants, Defendants had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff.

20.     During Plaintiff's employment with Defendants, Defendants reviewed Plaintiff's work performance.

21.     During Plaintiff's employment with Defendants, Defendants established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit.

22.     During Plaintiff's employment with Defendants, Defendants controlled the terms and conditions of Plaintiff's employment.

23.     During Plaintiff's employment with Defendants, Defendants established the manner and means of Plaintiff's compensation: an hourly rate of pay for compensable work performed each workday and each workweek.

## FLSA & WWPCL ALLEGATIONS

24.     In approximately May 2024, Defendants hired Plaintiff into the position of Driver performing compensable work on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge in the State of Wisconsin.

25.     During Plaintiff's employment with Defendants, Defendants compensated Plaintiff with an hourly rate of pay, in addition to what Defendants characterized as "dispatch pay," for any and all hours worked and work performed on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge in the State of Wisconsin.

26.     During Plaintiff's employment with Defendants, Plaintiff often worked in excess of forty (40) hours per workweek.

27.     During Plaintiff's employment with Defendants, Defendants knew or had knowledge that Plaintiff often worked in excess of forty (40) hours per workweek.

28.     During Plaintiff's employment with Defendants, Defendants' customary compensation practice was to provide Plaintiff with overtime pay and to pay Plaintiff at an overtime rate of pay for any and all hours worked in excess of forty (40) in a workweek.

29.     During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on a weekly basis via check.

30.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Monday through Sunday.

31.     In approximately mid-April 2026, Plaintiff's employment with Defendants ended.

32.     During Plaintiff's employment with Defendants, and during the workweeks that covered the time period from approximately January 4, 2026, to April 10, 2026, Plaintiff earned agreed-upon compensation and earned wages for hours worked and work performed in his position of Driver on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge in the State of Wisconsin.

33.     During Plaintiff's employment with Defendants, and during the workweeks that covered the time period from approximately January 4, 2026, to April 10, 2026, Defendants deducted compensation from Plaintiff's previously-earned and agreed-upon wages each workweek during this time period without Plaintiff's consent or authorization, either verbally or writing, immediately prior to the deduction.

34.     During Plaintiff's employment with Defendants, and during the workweeks that covered the time period from approximately January 4, 2026, to April 10, 2026, Defendants failed to compensate Plaintiff with all earned and agreed-upon wages each workweek, including at an overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

35.    During Plaintiff's employment with Defendants, and to date, Defendants have not compensated Plaintiff with all agreed-upon compensation and all earned wages during the workweeks that covered the time period from approximately January 4, 2026, to April 10, 2026, for all hours worked and work performed in his position of Driver on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge in the State of Wisconsin, including at an overtime rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and WWPCL.

36.    Defendants knew or should have known that Plaintiff must be compensated for any and all hours worked (and for all hours Defendants suffered or permitted him to work) in a workweek, including but not limited to with overtime and agreed-upon wages, in accordance with the FLSA and WWPCL.

37.    Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

38.    Defendants owe Plaintiff earned and unpaid overtime, agreed-upon, and regular wages for work performed during Plaintiff's employment with Defendants, in a total monetary amount that remains to be determined, in addition to liquidated damages and attorneys' fees and costs.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME WAGES)**

39.    Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

40.    At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

41.	At all times material herein, Defendants were an employer of Plaintiff as provided under the FLSA.

42.	At all times material herein, Plaintiff was an employee of Defendants as provided under the FLSA.

43.	Defendants violated the FLSA by suffering or permitting Plaintiff to perform work without being properly or lawfully compensated at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

44.	The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

45.	Defendants are subject to the overtime pay requirements of the FLSA because Defendants are engaged in commerce and/or their employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

46.	Defendants' failure to properly compensate Plaintiff with overtime pay was willfully perpetrated. Defendants also have not acted in good faith and with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

47.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

48.    Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

49.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME WAGES)**

50.    Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

51.    At all material times herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

52.    At all material times herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

53.    At all material times herein, Defendants were an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

54.    At all material times herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

55.     At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

56.     During Plaintiff's employment with Defendants, Defendants willfully failed to pay Plaintiff overtime pay for all hours worked in excess of forty (40) during a workweek, in violation of WWPCL.

57.     As set forth above, Plaintiff has sustained losses in his compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of the unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

58.     Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (REGULAR WAGES/FAILURE TO PAY AN AGREED-UPON WAGE)

59.     Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

60.     At all relevant times, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

61.     At all relevant times, Defendants were employers of Plaintiff within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

62.     At all relevant times, Defendants employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

63.     During Plaintiff's employment with Defendants, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

64.     During Plaintiff's employment with Defendants, Plaintiff was entitled to agreed-upon compensation and payments from Defendants, as defined in Wis. Stat. § 109.01(3), for each hour worked each workday and each workweek, pursuant to Wis. Stat. § 109.03.

65.     During Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff for each and every hour worked on their behalf, with their knowledge, for their benefit, and/or at their direction during the workweeks that covered the time period from approximately January 4, 2026, to April 10, 2026, and at his agreed-upon compensation, in accordance with Wis. Admin. Code § DWD 272, in violation of Wisconsin Wage Payment and Collection Laws.

66.     As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid wages, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

67.     Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

## FOURTH CAUSE OF ACTION – WWPCL VIOLATIONS
## (UNLAWFUL DEDUCTIONS)

68.    Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

69.    At all material times herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

70.    At all material times herein, Defendants were an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

71.    At all material times herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

72.    At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

73.    At all times material herein, Wis. Stat. §103.455 was applicable to Plaintiff's employment with Defendants, which states, in relevant part: "No employer may make any deduction from the wages due or earned by any employee, who is not an independent contractor, for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction…"

74.    During Plaintiff's employment with Defendants and during the workweeks that covered the time period from approximately January 4, 2026, to April 10, 2026, in violation of Wis. Stat. §103.455, Defendants unlawfully and willfully deducted earned compensation from Plaintiff's previously-earned wages during this time period without Plaintiff's consent or authorization, either verbally or writing, immediately prior to the deduction.

75.     As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

76.     Under Wis. Stat. § 109.11, Plaintiff is entitled to liquidated damages equal to the unpaid wages and recovery of attorneys' fees and costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid overtime wages, unpaid regular wages, unpaid agreed-upon wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 22nd day of April, 2026

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ **Scott S. Luzi**

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
1200 North Mayfair Road, Suite 270
Wauwatosa, Wisconsin 53226
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com